UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOWELL B. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-03794-SEB-DML |
| WEXFORD MEDICAL COMPANY, | ) |
| Defendant. | ) |

**Entry Granting Motion for Summary Judgment
on Defendant's Affirmative Defense of Exhaustion**

On December 3, 2018, Plaintiff Lowell Smith filed his original complaint alleging that his constitutional rights were violated while he was incarcerated at the Plainfield Correctional Facility. Specifically, he alleged that in October 2018, Wexford and its employees refused to provide treatment to him for Hepatitis C.

Defendant Wexford Medical Company (properly known as "Wexford of Indiana, LLC;" hereinafter referred to as "Wexford") seeks dismissal of this action through summary judgment on the basis that Mr. Smith failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Mr. Smith responded. Wexford was given a period of time in which to file a reply in support of its motion for summary judgment or to otherwise comply with the Entry of April 29, 2019. No further reply was submitted.

For the reasons explained below, Defendant's motion for summary judgment, dkt. [31], is **granted.**

## I. Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896

(7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Undisputed Facts

Applying the standard set forth above, the following facts are undisputed.

Mr. Smith is an inmate in the custody of Plainfield Correctional Facility and the the Indiana Department of Correction's (IDOC) offender grievance process is available to him. Dkt. 32 at ¶ 3. The purpose of the offender grievance process is to provide administrative means by which inmates may resolve concerns and complaints related to the conditions of their confinement at their current institution. *Id.* The grievance procedures at the Plainfield Correctional Facility are noted in the inmate handbook and are provided to inmates upon their arrival at the Plainfield Correctional Facility as well as available to them in both Law Libraries in the facility. *Id.*

The grievance process consists of four stages. *Id.* at ¶ 4. First, an offender must attempt to resolve the grievance informally through officials at the facility. The informal grievance process

is interactive and requires the offender to communicate and work with staff for an appropriate period of time, along with giving staff a reasonable period of time to respond to the grievance. *Id.* at ¶ 4(a).

If the informal grievance process is unsuccessful, the offender must file a Level 1 formal grievance. This includes the submission of a Level 1 Grievance Form to the facility's Grievance Specialist. Dkt. 32 at ¶ 4(b).

Once a finding has been given to the Level 1 formal grievance, the offender may then decide if the grievance has been satisfied. If the decision made on the Level 1 grievance is not satisfactory, he may then file for a Level 1 appeal to the Warden. *Id.* at ¶ 4(c).

Once the Level 1 appeal has been answered, the offender may then decide if the answer was satisfactory. If the answer was not satisfactory, he may then file a Level 2 appeal to the Department Offender Grievance Manager, Central Office. *Id.* at ¶ 4(d).

Successful exhaustion of the grievance procedure by an offender includes timely pursuing each step or level of the informal, formal, and appeal process. An offender must also use the proper grievance forms in order to exhaust successfully and must file timely each grievance within the timeframe outlined by the administrative procedures of the Indiana Department of Correction. *Id.* at ¶ 5.

Mr. Smith testified that he submitted an informal grievance to Wexford. That informal grievance is on a request for interview form dated November 6, 2018, and states, "I have been told by medical staff that do to the cost of money that until I am having full and total liver failure for my Hep-C- you will not give me treatment until I'm dying. But yet, you can cure the Hep- C- and won't." Dkt. 35-1 at p. 1. In response, Mr. Smith was directed to write his complaint on a

Healthcare Request Form. Dkt. 35-1 at p. 2. Mr. Smith then filed three separate Request for Healthcare Forms. However, these Requests for Health Care were submitted **after** this lawsuit was filed so they are not relevant to resolving the issue of whether Mr. Smith exhausted his available administrative remedies **prior** to filing this civil action. *See* dkt. 35-1 at p. 6 (dated December 27, 2018); dkt. 35-1 at p. 7 (dated December 20, 2018); and dkt. 35-1 at p. 8 (dated December 25, 2018).

Mr. Smith then proceeded on November 20, 2019, to the next step of the grievance process by filing a Level 1 Offender Grievance on State Form 45471. Dkt. 35-1 at p. 4. That grievance was returned with the following explanation:

> There is no indication that you tried to informally resolve your complaint. If you have tried to resolve it informally, please fill out the grievance form to indicate that. If you have not tried to resolve it informally, you have five (5) days to begin that process.

Dkt. 35-1 at p. 5.

Mr. Smith's grievance history indicates that no formal grievances were accepted in 2018. Dkt. 32-1 at ¶ 9.

Mr. Smith filed his Complaint against Wexford on December 3, 2018, alleging that Wexford and its employees refused to treat him for Hepatitis C in October 2018.

### III. Discussion

Wexford argues that because Mr. Smith failed to exhaust his administrative remedies as required prior to filing this action, his claims must be dismissed. *See Pozo*, 286 F.3d at 1024-25; *see also Roberts v. Neal*, 745 F.3d 232, 234-35 (7th Cir. 2014). In response, Mr. Smith argues that he did submit an informal grievance on November 6, 2018, and that he can't be held responsible

5

for Wexford not answering the informal grievance. He argues that he did what he was allowed to do.

### A. *Prison Litigation Reform Act*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

It is the Defendant's burden to establish that the administrative process was available to Mr. Smith. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable

6

of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted).

### B. Failure to Exhaust

The record reflects that there was a grievance process available to Mr. Smith at Plainfield Correctional Facility, but he failed to file any formal grievances against Wexford or its employees regarding his Hepatitis C treatment prior to filing this lawsuit.

In response, Mr. Smith, argues that the administrative remedy process was not available to him because in response to his informal grievance he was told to submit a Request for Healthcare Form. *See Ross,* 136 S. Ct. at 1858 ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted). Based on Mr. Smith's response and the exhibits in the record, there is no dispute that Mr. Smith completed the informal grievance process. He complained about the lack of treatment for his Hep-C and was told to file a Health Care Request Form. This is enough to complete the informal process.

The problem for Mr. Smith is that he did not complete the formal grievance process. He filed a formal grievance, but it was rejected with the following explanation:

> There is no indication that you tried to informally resolve your complaint. If you have tried to resolve it informally, please fill out the grievance form to indicate that. If you have not tried to resolve it informally, you have five (5) days to begin that process.

Dkt. 35-1 at p. 5. Because Mr. Smith, had already tried to resolve his complaint informally, he should have followed the instructions provided and filled out the grievance form explaining what he had done to resolve his concerns informally. He never did so. Under these circumstances, Mr. Smith failed to complete his available administrative remedies.

7

Accordingly, Wexford has shown that Mr. Smith did not exhaust his available administrative remedies prior to filing this lawsuit. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford v Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

The motion for summary judgment, dkt. [31], is therefore **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/22/2019

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LOWELL B. SMITH
251281
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Lyubov Gore
INDIANA ATTORNEY GENERAL
lyubov.gore@atg.in.gov

Jordan Michael Stover
INDIANA ATTORNEY GENERAL
jordan.stover@atg.in.gov